FILED
CLERK OF COURT

JUL 17 2026

U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

26 JUL 17 AM 8: 37

Civil Action No. 25-cv-02479-SKC Judge: Hon. S. Kato Crews, United States District Judge

**NOEL WEST LANE III,** Plaintiff,

v.

**JANICE A. STEINLE, former Chapter 11 Trustee, In re CCI Funding I, LLC, Bankr. Case No. 09-17437-MER, et al.,** Defendants.

**PLAINTIFF'S MOTION TO WITHDRAW THE REFERENCE PURSUANT TO 28 U.S.C. § 157(d), FED. R. BANKR. P. 5011, AND *STERN v. MARSHALL*, 564 U.S. 462 (2011)**

## SECTION I — INTRODUCTION

Plaintiff Noel West Lane III, appearing pro se, respectfully moves this Court pursuant to 28 U.S.C. § 157(d), Fed. R. Bankr. P. 5011(a), and the mandatory withdrawal doctrine established in *Stern v. Marshall*, 564 U.S. 462 (2011), to withdraw the reference of Adversary Proceeding No. 21-001100-MER (Lane v. Witt et al., Bankr. D. Colo.), which arose within *In re Matthew Curtis Witt*, Case No. 17-17630-MER, from the United States Bankruptcy Court for the District of Colorado to this Court for all further proceedings.

This motion is filed contemporaneously with Plaintiff's Motion for Barton Doctrine Leave to Sue Trustee Janice A. Steinle and her counsel, which seeks leave from this Court to name Steinle, Brennan, and Otten Johnson Robinson Neff & Ragonetti, P.C. as defendants in this civil action. The two motions are complementary: the Barton Leave motion establishes the gateway for accountability of the trustee and her counsel; the present motion consolidates all related proceedings before this Article III court for final adjudication.

This action arises from sixteen years of litigation across seven judicial jurisdictions—including the United States Bankruptcy Court, the United States Bankruptcy Appellate Panel of the Tenth Circuit, the United States Court of Appeals for the Tenth Circuit, the Supreme Court of the United States, Colorado State District Courts, Colorado State Appellate Courts, and the Colorado Supreme Court—during which Lane filed over 240 pleadings to build a clerk-certified record of Defendants' collective fraud on the court. The Adversary Proceeding now before this Court on appeal presents claims that the Bankruptcy Court lacks constitutional authority to finally adjudicate under *Stern v. Marshall* and its progeny. Withdrawal is mandatory.

## SECTION II — LEGAL STANDARD FOR WITHDRAWAL

**A. Mandatory Withdrawal Under 28 U.S.C. § 157(d)**

1

Section 157(d) provides: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d) (emphasis added). Where the mandatory withdrawal standard is met, the district court has no discretion—withdrawal is required. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

Separately, the district court may withdraw the reference for cause shown at any time on its own motion or on motion of a party. 28 U.S.C. § 157(d). Relevant considerations include judicial economy, uniformity, the presence of jury-trial demands, and the constitutional limitations identified in *Stern v. Marshall*, 564 U.S. 462 (2011).

## B. Constitutional Withdrawal Under *Stern v. Marshall*

In *Stern v. Marshall*, the Supreme Court held that bankruptcy courts lack constitutional authority to enter final judgment on claims that are not resolved in the process of ruling on a creditor's proof of claim—even when Congress has purported to grant such authority. Id. at 499. Where a claim is a "*Stern* claim"—legal in nature, seeking monetary damages, and requiring adjudication by an Article III court—the district court must withdraw the reference. See also *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014).

Plaintiff's claims—including fraud on the court, breach of fiduciary duty, civil conspiracy, attorney malpractice, constitutional due process violations under 42 U.S.C. § 1983, and spoliation of evidence—are all *Stern* claims: they are legal in nature, seek substantial monetary damages, and include a jury trial demand. The Bankruptcy Court lacks constitutional authority to enter final judgment on any of them.

## SECTION III — FACTUAL BACKGROUND

### A. Related Proceedings

The following proceedings form the procedural and factual foundation for this Motion to Withdraw the Reference. Each is directly connected to the claims at issue in Adversary Proceeding No. 21-001100-MER and demonstrates why Article III adjudication is required:

1. **In re Commercial Capital, Inc., Case No. 09-17238-MER (Bankr. D. Colo.)** The originating Chapter 11 bankruptcy of CCI, overseen by Trustee James T. Markus.
2. **In re CCI Funding I, LLC, Case No. 09-17437-MER (jointly administered)** The Chapter 11 bankruptcy in which Trustee Janice A. Steinle and her counsel David Brennan concealed Lane's April 2009 deposition. This concealment is the originating fraudulent act and the basis for Barton jurisdiction.
3. **In re Matthew Curtis Witt, Case No. 17-17630-MER (Bankr. D. Colo.)** Witt's personal Chapter 7 bankruptcy, filed to obstruct Lane's claims and giving rise to the adversary proceeding.
4. **Lane v. Witt et al., Adversary Proceeding No. 21-001100-MER** The adversary proceeding now on appeal as Civil Action No. 25-cv-02479-SKC. The Bankruptcy Court

acknowledged that seven of nine claims present triable issues, yet lacks constitutional authority to enter final judgment on any of them.

5. **Lane v. Steinle et al., Civil Action No. 25-cv-02479-SKC (D. Colo.)** The present action, filed contemporaneously with this motion, is the proper Article III forum for consolidated adjudication of all claims.

## B. The Seven-Element Conspiracy Requiring Article III Adjudication

The factual predicate for withdrawal is the same seven-element conspiracy detailed in the civil complaint filed contemporaneously with this motion. Each element is supported by clerk-certified records, sworn testimony, docket entries, and admissions in the record.

### 1. Witt's Mortgage Fraud

Witt committed mortgage fraud against Lane and Fall River Village, LLC, a single-asset LLC, by making unauthorized withdrawals exceeding $17,000 per month from Lane's construction loan account for the 64-unit, $22 million Fall River Village development. Lane held a $12 million personal guarantee on the CCI construction loan. This fraud is the originating financial crime from which all subsequent harm flowed.

### 2. Steinle and Brennan's Concealment of the April 2009 Deposition

Trustee Steinle and her counsel Brennan deliberately concealed Lane's April 2009 deposition—where Lane reported Witt's fraud—from Judge Romero and all parties in the CCI bankruptcies. This concealment denied Lane due process, including discovery, trial, and adjudication of Witt's fraud. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); *Demjanjuk v. Petrovsky*, 10 F.3d 338 (6th Cir. 1993).

### 3. Attorney Malpractice and Lane's Financial Ruin

Had Steinle and Brennan not concealed the deposition, Lane's attorneys would have preserved his $12 million personal guarantee rights. Their failure enabled Steinle to force Lane into an involuntary $33 million personal Chapter 7 bankruptcy in 2013, resulting in the loss of Lane's home, businesses, and financial resources. See *Kenner v. C.I.R.*, 387 F.2d 689 (7th Cir. 1968); *Nudd v. Burrows*, 91 U.S. 426 (1875).

### 4. Witt's Court-Ordered Custody and Destruction of Evidence

Witt obtained custody of 44 boxes of CCI records in a replevin action and then destroyed them during active litigation. On April 13, 2021, Witt admitted: "I CERTIFY NOW THAT I HAD DESTROYED [the boxes] 6 MONTHS AGO." This constitutes spoliation per se. *Kiugh v. United States*, 620 F. Supp. 892 (D.S.C. 1985).

### 5. Witt's Personal Bankruptcy as Further Obstruction

Witt filed Chapter 7 bankruptcy to further obstruct Lane's claims. He would not have been able to file but for the protection created by prior defendants' wrongful acts. The filing weaponized the automatic stay under 11 U.S.C. § 362 to shield Witt from accountability.

### 6. Additional Defendants' Fraud on the Court

Attorney defendants concealed conflicting representations and offered false testimony in Adversary Proceeding No. 21-001100-MER. Their conduct prevented Lane from obtaining a fair hearing and independently establishes fraud on the court. *Buck v. Davis*, 281 F.3d 1342; *People ex rel. Brzica v. Lake Barrington*, 268 Ill. App. 3d 420 (1994).

### 7. Conspiratorial Objective: Constitutional Violations

The collective objective of all defendants was to deny Lane access to the courts and due process in violation of the Fifth and Fourteenth Amendments. Lane's 240+ pleadings across seven jurisdictions reflect a deliberate strategy to build a clerk-certified record of defendants' fraud— not vexatious litigation. *Haines v. Kerner*, 404 U.S. 519 (1972); *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

## SECTION IV — ARGUMENT

### A. Withdrawal Is Mandatory Under 28 U.S.C. § 157(d)

Mandatory withdrawal applies when resolution of the proceeding requires substantial and material consideration of non-bankruptcy federal law. Lane's claims require application of:
1. **42 U.S.C. § 1983** (civil rights violations);
2. **The Fifth and Fourteenth Amendments** (due process);
3. **Fed. R. Civ. P. 11(b)** (counsel certification violations);
4. **Federal constitutional limits on bankruptcy jurisdiction** (*Stern v. Marshall*);
5. **Federal common law governing fraud on the court**.

These laws regulate conduct far beyond Title 11 and directly affect interstate commerce. Under § 157(d), withdrawal is mandatory. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990).

### B. Lane's Claims Are Stern Claims Requiring Article III Adjudication

Lane's claims:
- are legal in nature,
- seek monetary damages,
- include a jury trial demand, and
- are not resolved in the claims-allowance process.

They are classic Stern claims. See *Stern v. Marshall*, 564 U.S. 462 (2011); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014).

The Bankruptcy Court lacks constitutional authority to enter final judgment on any of them. The Tenth Circuit's Stern framework confirms that these claims do not "stem from the bankruptcy itself" and could have been brought in any court of competent jurisdiction.

### C. FRBP 8003 Disclosure Failures Independently Support Withdrawal

Of the 23 appellees, only the Livenick Parties filed a Combined Statement. All others failed to comply with the February 13, 2026 deadline, waiving arguments under Fed. R. App. P. 31(c). This widespread noncompliance demonstrates systemic disregard for procedural obligations and supports direct Article III supervision.

### D. Judicial Economy, Uniformity, and Jury Trial Rights Require Withdrawal

Even under permissive withdrawal, cause exists. All defendants are named in the civil complaint filed contemporaneously with this motion. Consolidation prevents inconsistent rulings and cures the constitutional defect identified in *Stern*.

Lane has demanded a jury trial on all legal claims. The Bankruptcy Court cannot conduct a jury trial on non-core matters without unanimous consent, which defendants have not given. See 28 U.S.C. § 157(e); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

### E. This Motion Is Timely

This motion is filed at the earliest practicable opportunity following entry of the Bankruptcy Court's order on appeal. Notice has been provided to the Bankruptcy Court Clerk pursuant to Fed. R. Bankr. P. 5011(a).

### SECTION V — RELIEF REQUESTED

Plaintiff respectfully requests that this Court enter an Order:

1. Withdrawing the reference of Adversary Proceeding No. 21-001100-MER for all further proceedings, including trial, pursuant to 28 U.S.C. § 157(d) and Fed. R. Bankr. P. 5011;
2. Consolidating the withdrawn adversary proceeding with Civil Action No. 25-cv-02479-SKC pursuant to Fed. R. Civ. P. 42(a);
3. Confirming that all claims set forth in Adversary Proceeding No. 21-001100-MER are *Stern* claims requiring final adjudication by this Article III court;
4. Preserving Plaintiff's Seventh Amendment right to a jury trial on all legal claims and scheduling this matter for jury trial in the ordinary course; and
5. Granting such other and further relief as this Court deems just and proper, including directing the Bankruptcy Court to transmit the complete record of Adversary Proceeding No. 21-001100-MER to the Clerk of this Court.

**Respectfully submitted,** Dated: July 17, 2026

Na Lane

**Noel West Lane III, In Pro Se**
1060 Ingalls Street Lakewood,
Colorado 80214
Phone: 303-697-0462
Email: lane3co@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I filed the foregoing **Plaintiff's Motion to Withdraw the Reference Under 28 U.S.C. § 157(d)** with the Clerk of the United States District Court for the District of Colorado, and served a true and correct copy upon all appellees in Adversary Proceeding No. 21-001100-MER by U.S. Mail, first-class postage prepaid, addressed to their last known mailing addresses as listed below, pursuant to Fed. R. Civ. P. 5(b)(2)(C) and Fed. R. Bankr. P. 7005.

I further certify that on the same date, I transmitted a copy of this Motion to the Clerk of the United States Bankruptcy Court for the District of Colorado pursuant to Fed. R. Bankr. P. 5011(a).

**Debtor**

- **Charles S. Parnell** 4891 Independence Street, Suite 240 Wheat Ridge, Colorado 80033

**Defendant–Appellees**

1. **Matthew Curtis Witt** 2792 Greatwood Way Highlands Ranch, Colorado 80126
2. **Silver Leaf Mortgage, Inc.** 6972 S. Vine St. #366 Centennial, Colorado 80122
3. **Matthew Curtis Witt, President & Sr. Loan Officer** Silver Leaf Mortgage 6972 S. Vine St. #366 Centennial, Colorado 80122
4. **Nicole Witt** Silver Leaf Mortgage 6972 S. Vine St. #366 Centennial, Colorado 80122
5. **Torrey Livenick** 730 17th Street, Suite 900 Denver, Colorado 80202
6. **Torrey Livenick, Esq.** 730 17th Street, Suite 900 Denver, Colorado 80202
7. **Livenick Law** 730 17th Street, Suite 900 Denver, Colorado 80202
8. **Miller & Law, P.C.** 1900 West Littleton Boulevard Littleton, Colorado 80120
9. **David B. Law, Esq.** Miller & Law, P.C. 1900 West Littleton Boulevard Littleton, Colorado 80120
10. **David B. Law** 1900 West Littleton Boulevard Littleton, Colorado 80120
11. **Shaun A. Christensen, Esq.** Miller & Law, P.C. 1900 West Littleton Boulevard Littleton, Colorado 80120
12. **Shaun A. Christensen** 1900 West Littleton Boulevard Littleton, Colorado 80120
13. **Appel, Lucas & Christensen, P.C.** 1624 Market Street, Suite 310 Denver, Colorado 80202
14. **Shaun A. Christensen** 1624 Market Street, Suite 310 Denver, Colorado 80202
15. **David Oppenheimer** 1900 West Littleton Boulevard Littleton, Colorado 80120
16. **David Oppenheimer, Esq.** Miller & Law, P.C. 1900 West Littleton Boulevard Littleton, Colorado 80120



**Insert this side up into time stamper.**          (*gray bar here*)

PLEASE COMPLETE THIS FORM AND INCLUDE WITH ANY
PAYMENTS OR DOCUMENTS PLACED IN BOX.
A RECEIPT WILL BE MAILED TO YOU.          17 JUL 26  8:50AM

**Please write legibly**

Case Number: 25-cv-02479-SKC (21-001100-MER)

Name: Noel Lane

Phone Number: (303) 697-0462

Amount Enclosed: $_____

What is payment for: _____